IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| SHERI L. LEGGETT, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: |
| vs. | * | **CV 205-137** |
| GOLD INTERNATIONAL, INC., d/b/a DAYS INN, | * | |
| | * | |
| Defendant | * | |
| | * | |

## COMPLAINT FOR DAMAGES

### JURISDICTION

1.

This is a civil action for damages brought pursuant to Title VII of the Civil Rights Act of 1964, Section 701, et. seq. as amended and 42 U.S.C. Section 2000 e et. seq. as amended and the Civil Rights Act of 1991 as amended.

2.

Jurisdiction is founded on 42 U.S.C. Section 2000 e(1) through 2000 e (15). The amount of controversy exceeds $100,000.00 including costs and attorney's fees.

3.

Plaintiff has complied with the jurisdictional requisites to this action under Title VII of the Civil Rights Act of 1964 and 1991 as follows:

    a.    On or about the month of February, 2005, Defendant Gold International, Inc., by and through its employees and agents, engaged in quid pro quo and sexual harassment and discrimination against the Plaintiff on the basis of national origin and

race and retaliation for not allowing a sexual battery to take place.

  b.  On or about February 6, 2005, Defendant, by and through its agents and employees, engaged in retaliatory action against the Plaintiff by not allowing her to work based on her not consenting to sexual favors to Mr. Ma, an employee and agent of the Defendant.

  c.  On March 1, 2005, Plaintiff sent to the EEOC in Savannah, Georgia a Charge Questionnaire which was filed forthwith.

  d.  On June 8, 2005, Plaintiff sent to the EEOC in Savannah, Georgia a Charge of Discrimination and requested a Right to Sue letter.

  e.  The Plaintiff has filed this action within ninety (90) days of her receipt of her notice of Right to Sue letter attached hereto.

4.

At all times herein mentioned, Plaintiff Sheri L. Leggett was and is a resident of the County of Glynn, State of Georgia.

5.

Upon information and belief and at all times herein mentioned, the Defendant, Gold International, Inc., has its principal place of business at the Days Inn, 2307 Gloucester Street, Brunswick, Glynn County, Georgia 31520 and may be served by serving its registered agent, Yu Hai Ma, at 2307 Gloucester Street, Brunswick, Georgia 31520.

## COUNT ONE:

## FACTS WHICH CONSTITUTE THE BASIS OF THE CLAIM OF DISCRIMINATION

6.

In January, 2005, Days Inn at 2307 Gloucester Street, Brunswick, GA posted a search with the Georgia Department of Labor seeking a Hotel Manager.

7.

Sheri Leggett was notified by the Georgia Department of Labor that the position existed and to contact Mrs. Ma.

8.

When Plaintiff contacted Mrs. Ma, Mrs. Ma asked her to come to the Days Inn on Gloucester Street in Brunswick, GA at 5:00 p.m. the same afternoon.

9.

Plaintiff met with Mr. Ma and Mrs. Ma at the Days Inn located at 2307 Gloucester Street, Brunswick, GA.

10.

Both Mr. and Mrs. Ma were interested in the Plaintiff for the position and asked her to stay and get some front desk training with the afternoon receptionist, which Plaintiff did.

11.

Mr. and Mrs. Ma then arranged for an interview for Thursday evening, January 27, 2005, at the Outback Steakhouse on St. Simons Island, GA.

12.

At that meeting were Mr. and Mrs. Ma, Louise McDowell (the interpreter between the Mas and the Plaintiff), and the Plaintiff herself, Sheri Leggett.

13.

The Mas had just purchased the Days Inn Motel at 2307 Gloucester Street in Brunswick, GA and the Golden Isles Motel on Highway 17 in Brunswick, GA.

14.

Negotiations ensued at the meeting and it was agreed that the Plaintiff would start as the Manager of both properties at a combined salary of $45,000.00 per year plus 5 percent commission per month from the Days Inn on their gross receipts and 2 percent commission per month from the Golden Isles Motel on its gross receipts.

15.

The Plaintiff's hours were set from 8:00 a.m. to 8:00 p.m., splitting the time between the two properties.

16.

Mr. Ma also agreed to send the Plaintiff for management training to learn the Days Inn management system. In the meantime, Plaintiff was to come in each day at 4:00 p.m. for front desk training.

17.

On Friday, January 28, 2005, Plaintiff brought her mother, Mary Parland, by the Days Inn on Gloucester Street to show her where she would be working.

18.

On Sunday, January 30, 2005, Plaintiff went to the Days Inn to tell Mr. Ma that she

wanted her attorney, John T. McKnight, to write up an employment contract.

19.

While Plaintiff was there on Sunday, another Chinese gentleman introduced himself as Mr. Ma's brother.

20.

Mr. Ma's brother told the Plaintiff that he would interpret to Mr. Ma the Plaintiff's wishes concerning the contract on the way to the Savannah Airport where supposedly Mr. Ma's brother would take a flight to Virginia.

21.

Plaintiff met Mr. Ma and his brother at McDonald's on Highway 17, as were her instructions, to discuss the details of the employment contract, on the way to the airport.

22.

There were three Chinese gentlemen in the car with the Plaintiff, as a third introduced himself as another of Mr. Ma's brothers.

23.

Plaintiff drove the Mercedes to Savannah so that Mr. Ma's brother could get a 7:05 p.m. flight to Virginia.

24.

The brother missed the flight and Plaintiff started asking airport employees about other flights leaving later that night to the Dulles Airport.

25.

The Plaintiff was told to get back in the car.

26.

Mr. Ma and only one of his purported brothers got back into the vehicle with Mr. Ma driving this time.

27.

As they approached I-95 from the Savannah Airport, Plaintiff indicated that going north on I-95 was the wrong way to return to Brunswick, GA. Mr. Ma at that time said, "Virginia, Virginia", making an airplane gesture and saying, "Fly Georgia tomorrow. It's okay, it's okay."

28.

Mr. Ma then said, "You work Hotel Manager. Good money. I take care you."

29.

In broken sentences, the two discussed the new plans for the motel.

30.

When Mr. Ma stopped to urinate on the side of the road, Plaintiff called her mother and told her that Plaintiff's car was at McDonald's on Highway 17 and she needed her mother to get the car for her because it would be there overnight. She told her mother that she was in a car going to take Mr. Ma's brother to Virginia.

31.

Plaintiff and the two Chinese men arrived somewhere in Virginia around 7:30 or 8:00 a.m.

32.

Plaintiff and Mr. Ma dropped the Chinese passenger off at his house.

33.

While Plaintiff believed she was being taken to the Airport, Mr. Ma drove her into an area with many Chinese inhabitants, ostensibly to his brother's daughter's house.

34.

When Plaintiff and Mr. Ma arrived at the "brother's daughter's house", Mr. Ma began drinking heavily. Plaintiff realized that she was not in his brother's daughter's house, but actually in Mr. and Mrs. Ma's house.

35.

Mr. Ma continually assured Plaintiff that he would take her to the Airport.

36.

Plaintiff used the bathroom and then laid on a bed fully clothed.

37.

Plaintiff dosed off and was awakened by Mr. Ma who was taking off his clothes and trying to wake up the Plaintiff by kissing her.

38.

He was pulling at her clothes while she was pushing him away. When Plaintiff kept saying "No, no", Mr. Ma began hitting her in the face and pulling her skirt up.

39.

Mr. Ma exposed his penis and said, "Chinese way, Chinese way".

40.

Plaintiff said "No" and Mr. Ma continued hitting her.

41.

Mr. Ma put his hands on Plaintiff's rear and his finger in her vagina. Plaintiff was

trying to fight back but Mr. Ma finally ejaculated on the Plaintiff.

42.

Mr. Ma pulled Plaintiff in the shower and rubbed the soap or shampoo all over the Plaintiff while saying, "You tell, you die".

43.

Mr. Ma then fell asleep on a bed but when Plaintiff went outside, she saw nothing but Chinese individuals in the neighborhood and none of the telephones in the condo worked.

44.

When Mr. Ma awakened, he apologized and eventually Plaintiff was taken to the airport and put on a flight to Jacksonville, Florida where she met her mother.

45.

Still thinking she had a job and could work out the difficulties with Mr. Ma, she reported to the Days Inn Motel on Gloucester Street where she was told that the Motel Manager position did not exist. Plaintiff had been replaced by a Mrs. Shaun, a Chinese woman.

46.

The Plaintiff asked Mrs. Shaun for her car keys and was told there were no car keys at the Motel. The Plaintiff reapplied to Mrs. Shaun that her car was moved from McDonald's on Highway 17 back to the Motel the day Plaintiff took Mr. Ma and his brothers to the Savannah Airport.

47.

Ms. Shaun got very upset and said Mr. Ma had no brothers and there was no Motel

Manager position.

48.

Plaintiff went directly to her attorney's office and related the above events in greater detail. Plaintiff is an African American female who has been subjected to sexual harassment and then retaliation when she would not subject herself to Mr. Ma's demands for sex.

49.

The egregious nature of this discrimination merits punitive damages.

## COUNT TWO:

## SEXUAL BATTERY

50.

Plaintiff incorporates Paragraphs 1 through 49 as if the same were repeated verbatim herein.

51.

Defendant Gold International, Inc., through its agent, Mr. Ma, committed the offense of sexual battery in violation of O.C.G.A. §16-6-22.1.

52.

Said acts were malicious, intentional, and showed extreme bad faith.

WHEREFORE, Plaintiff prays for:

As to Count One:

a. .   A trial by jury;

b.   Compensatory damages in the amount of $500,000.00 or in the amount of pay that Plaintiff has lost as a result of the discrimination by the Defendant in this case;

c.    Punitive damages in the amount of $1,000,000.00;

d.    Reasonable counsel fees along with costs and disbursements;

e     An injunction restraining Defendant from allowing sexual harassment or quid pro quo harassment to go on in the workplace; and

f.    For any other and further relief as this Court may deem just and proper under the circumstances.

As to Count Two:

a.    Trial by jury;

b.    Compensatory damages in the amount of $1,000,000.00;

c.    Punitive damages in the amount of $1,000,000.00;

d.    Reasonable attorney's fees to go along with costs and disbursements because of the bad faith of the Defendant; and

e.    Any and other relief deemed by this Court to be mete and proper.

DATED this the 30th day of June, 2005.

Respectfully submitted,

John T. McKnight
Attorney for Plaintiff
Georgia Bar No.: 495825

4501-E New Jesup Highway
Brunswick, GA 31520
Telephone:   (912) 279-0803
Facsimile:   (912) 279-0805

EEOC Form 161-B (3/98)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Sheri L. Leggett<br>6303 New Jesup Highway<br>Brunswick, GA 31523 | From: | Savannah Local Office<br>410 Mall Blvd<br>Suite G<br>Savannah, GA 31406 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 115-2005-00358 | Diego T. Torres,<br>Investigator | (912) 652-4448 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)

John Fitzgerald
Deputy Director

June 22, 2005
(Date Mailed)

cc: Mr. Ma
Owner
GOLD INTERNATIONAL D/B/A
DAYS INN
2307 Gloucester Street
Brunswick, GA 31520

John T. McKnight
Esquire
4501-E New Jesup Highway
Brunswick, GA 31520