# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

SHERI L. LEGGETT,                    :          CIVIL ACTION

    Plaintiff,                   :

       v.                    :

GOLD INTERNATIONAL,                  :
INC., d/b/a/ DAYS INN,
and YU HAI MA,                       :

    Defendants.                  :          NO. CV205-137

## O R D E R

Presently before the Court is Defendants' motion to dismiss Plaintiff's sexual harassment suit for want of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Yet, the Supreme Court has recently held that whether an employer has a sufficient number of employees to come within Title VII goes to the merits of the plaintiff's claim, rather than the court's subject matter jurisdiction. Arbaugh v. Y&H Corp., No. 04-944, 2006 U.S. LEXIS 1819 (U.S., Feb. 22, 2006). As a result, the motion is **DENIED**. Dkt. Nos. 26 & 28.

AO 72A
(Rev. 8/82)

Defendants should also be cognizant that the definition of an "employer" under Title VII is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person[.]"  42 U.S.C.A. § 2000e(b) (2003).  Yu Hai Ma stated in his affidavit that "[i]n the years 2004 and 2005, Gold International employed between 13 and 20 employees.  At times it had 13 employees, other times 15 and 20."  Yu Hai Ma Aff. ¶ 2.  This evidence, even if it had not been controverted, would not be sufficient to show that Defendants are entitled to judgment as a matter of law under § 2000e(b).  See also Local Rule 7.2.

    **SO ORDERED**, this ___6th___ day of March, 2006.


                    _____
                    JUDGE, UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF GEORGIA

2