**In the United States District Court
for the Southern District of Georgia
Brunswick Division**

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 FEB -8  P 3: 07

CLERK
SO. DIST. OF GA

| | | |
|---|---|---|
| SHERI L. LEGGETT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| GOLD INTERNATIONAL, INC., d/b/a/ DAYS INN, and YU HAI MA | : | |
| Defendants. | : | NO. CV205-137 |

## O R D E R

Plaintiff, Sheri L. Leggett, filed suit against Defendants, Gold International, Inc., doing business as Days Inn, and Yu Hai Ma, asserting Title VII employment discrimination claims, and a sexual battery claim under Georgia law.  At the conclusion of the trial, the jury awarded Leggett no compensatory damages, but $5,000 in punitive damages.

Presently before the Court are Plaintiff's motions for attorneys' fees and costs.  Because Plaintiff did not obtain significant success in prosecuting the merits of her claim, the motions for attorneys' fees will be **DENIED**.  Because costs

AO 72A
(Rev. 8/82)

necessarily incurred in an action are recoverable as a matter of course to the prevailing party, the motion for costs will be **GRANTED**.

## DISCUSSION

I.  <u>Attorneys' Fees</u>

Title 42 U.S.C. § 1988(b) provides that:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

In Title VII cases, an award of punitive damages may be warranted, even where the jury does not award compensatory or nominal damages. <u>Cush-Crawford v. Adchem Corp.</u>, 271 F.3d 352, 357-59 (2d Cir. 2001); <u>Tisdale v. Fed. Express Corp.</u>, 415 F.3d 516, 534-35 (6th Cir. 2005); see also <u>Lohr v. Florida Dep't of Corrections</u>, 869 F.2d 1456, 1457 (11th Cir. 1989)(per curiam)(applying Florida law).

Likewise, a civil rights plaintiff who obtains nominal relief is a prevailing party entitled to attorney's fees under

§ 1988. <u>Farrar v. Hobby</u>, 506 U.S. 103, 109-114 (1992). Nonetheless, a plaintiff's <u>degree</u> of success determines the reasonableness of the fee awarded. Indeed, it is the most critical consideration in setting an appropriate fee award. <u>Id.</u> at 114.

As in <u>Farrar</u>, Leggett received a small sum in punitive damages, instead of the $3.5 million she sought in her complaint. Dkt. No. 1, ¶ 52. Leggett's prosecution of this action accomplished little except providing her with the moral satisfaction of having her rights vindicated in a federal court, "in some unspecified way." <u>Id.</u>

Consequently, Leggett's limited success must be a primary consideration in assessing whether an award of attorneys' fees is justified in this case. Under these circumstances, the Court may award a low fee, or no fee at all, "without reciting the 12 factors bearing on reasonableness . . . or multiplying 'the number of hours reasonably expended . . . by a reasonable hourly rate[.]'" <u>Id.</u> at 115.[1] As a result, the Court concludes that Leggett's modest success in this action does not warrant an award of attorneys' fees.

---

[1] "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, . . . the only reasonable fee is usually no fee at all." Id.

AO 72A
(Rev. 8/82)

## II. Costs

"[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." Fed. R. Civ. P. 54(d)(1). The allowance of costs is within the discretion of the district court. 28 U.S.C.A. § 1920 (1994). The prevailing party is entitled only to costs that were incurred necessarily in the litigation. Expenses incurred for the convenience of the prevailing party's counsel are not taxable. 28 U.S.C.A. § 1920 (1994).

In the instant case, Plaintiff seeks reimbursement for witness fees, interpreter costs, fees of the Clerk, expenses for the service of litigation papers, and court reporter expenses. Leggett's expenses appear to be reasonable on their face, and necessarily incurred in the litigation of this action. Moreover, Defendants have not filed specific objections to Plaintiff's recovery of any particular costs. Plaintiff's costs are taxable.

## CONCLUSION

For the reasons explained above, Plaintiff is entitled to recover her costs of litigation, but is not entitled to an award of attorneys' fees. Plaintiff's motion pertaining to

4

Lead Counsel, John T. McKnight, is **GRANTED** in part, and **DENIED** in part. Dkt. No. 54. Plaintiff's motion pertaining to co-counsel, Steven L. Morgan, is **DENIED**. Dkt. No. 55.

**SO ORDERED**, this ___8th___ day of February, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)